**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARS CARBONELL,<br>Plaintiff<br>v.<br>SEATGEEK, INC.,<br>Defendant | Case No.: 2:24-cv-02087-APG-NJK<br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br>[ECF No. 58] |

Mars Carbonell and Seatgeek, Inc. have entered into a Class Action Settlement Agreement dated August 10, 2026 (Settlement Agreement). Carbonell now moves for preliminary approval of that settlement. ECF No. 58. I have reviewed the Settlement Agreement and related papers and find that the settlement is supported by good cause.

I THEREFORE ORDER as follows:

1. The motion for preliminary approval **(ECF No. 58) is GRANTED**.

2. Capitalized terms not otherwise defined in this order have the meanings set forth in the Settlement Agreement.

3. This court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(d) and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

4. I preliminarily approve the Settlement Agreement and its terms under Fed. R. Civ. P. 23(e)(1). I likely will be able to approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2) and to certify the Settlement Class (the Settlement Class) for purposes of judgment on the proposed Settlement. I preliminarily find that the Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class Members under the relevant considerations. Carbonell

and Proposed Class Counsel have adequately represented and likely will continue to adequately represent the Settlement Class. The Settlement Agreement is the product of arms' length negotiations by the Parties through the use of an experienced mediator. The relief provided—a non-reversionary common settlement fund of $7,750,000.00 (the Settlement Fund) is adequate considering the costs, risks, delay of trial and appeal, alleged harm to Settlement Class Members, and the proposed method of distributing payments to the Settlement Class (i.e., direct payment via Venmo, PayPal, or check). I preliminarily find that the Settlement Agreement treats the Settlement Class Members equitably relative to each other, and that the proposed allocation of settlement funds to Settlement Class Members is reasonable and equitable. Under the terms of the Settlement Agreement, all Settlement Class Members are eligible to submit a claim for a payment.

5. I provisionally certify, for settlement purposes only, a Settlement Class under Fed. R. Civ. P. 23(a) and 23(b)(3) consisting of: all individuals who purchased electronic tickets to events in Nevada from Defendant's Website, from November 7, 2020 to and through May 12, 2025, and were charged Fees.

6. For settlement purposes only, the Settlement Class as defined above meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—namely, that:

(1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable;

(2) there are common questions of law and fact;

(3) Carbonell's claims are typical of those of the Settlement Class Members;

(4) Carbonell and Proposed Class Counsel have adequately represented, and likely will continue to adequately represent, the interests of the Settlement Class Members; and

(5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

7. Certification of the Settlement Class is solely for settlement purposes and without prejudice to the Parties. In the event the Settlement Agreement is not finally approved by this court or otherwise does not take effect, the Parties preserve all rights and defenses regarding class certification.

8. I appoint Mars Carbonell as Class Representative to represent the Settlement Class.

9. I appoint Claggett & Sykes Law Firm and Bursor & Fisher, P.A. as Class Counsel for the Settlement Class.

10. I appoint Simpluris, Inc. as Settlement Administrator and directs Simpluris to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement.

<u>Notice Program</u>

11. I approve the proposed notice program set forth at Section 4 of the Settlement Agreement, including the form and content of the proposed forms of class notice attached as Exhibits B, C, and D to the Settlement Agreement. Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B). The proposed notice program meets the requirements of Due Process under the U.S. Constitution and Rule 23. The notice program includes individual direct notice to known Settlement Class Members via email or mail (in the event that two email attempts fail or a known email address is not available for a Class Member), two reminder emails, a media and Internet notice program, and the establishment of a Settlement Website and Toll-Free Number. This is the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons

entitled to notice. The proposed form and content of the notice are adequate and give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms. The notice clearly and concisely states in plain, easily understood language: (i) the nature of the Action; (ii) the definitions of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the Settlement Class any member who timely and validly requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

12. I direct the Settlement Administrator and the Parties to implement the notice program as set forth in the Settlement Agreement.

13. Settlement Class Member Contact Information: As required in the Settlement Agreement, no later than 45 days after the execution of this Agreement, Seatgeek must produce to the Settlement Administrator, with a copy to Class Counsel, an electronic list from its records that includes the names, last known email addresses, and the total amount of Out-of-Pocket Fees per Settlement Class Member, to the extent available.

14. Email Notice: By no later than 28 days after entry of this order (the Notice Date), the Settlement Administrator must issue the first Email Notice (substantially in the form attached as Exhibit B to the Settlement Agreement) to each Settlement Class Member whose email address is known to the Settlement Administrator.

15. Reminder Notice: By at least 7 days prior to the Claims Deadline, the Settlement Administrator must issue a second round of Email Notice (substantially in the form attached as Exhibit B to the Settlement Agreement) to each Settlement Class Member that was sent the

initial Email Notice.

16. Settlement Website: The Settlement Administrator must establish and maintain an Internet website (Settlement Website) where Settlement Class Members can obtain further information about the terms of the Settlement Agreement, their rights, important dates and deadlines, and related information. Settlement Class Members must be able to submit Claim Forms electronically via the Settlement Website. The Settlement Website must include, in PDF format, the Complaint in this case, the Settlement Agreement, the long-form notice substantially in the form attached as Exhibit D to the Settlement Agreement, this order, Settlement Class Counsel's fee and cost application (after it is filed), and other case documents as agreed upon by the Parties or required by the court. The Settlement Website must be operational by no later than one day before the media and Internet notice program is disseminated. The Settlement Website must be optimized for display on mobile phones. The Settlement Website must remain operational until at least three months after the date the Settlement becomes Effective.

17. Toll-Free Number: The Settlement Administrator must establish and maintain a toll-free telephone number where Settlement Class Members can obtain further information about the Settlement Agreement and their rights, and request that a hard copy Claim Form or long-form notice be mailed to them. The toll-free number must be operational by no later than one day before the first Mail Notice or Email Notice is disseminated and must remain operational until at least three months after date the Settlement becomes Effective.

18. At least 7 calendar days prior to the final approval hearing, Class Counsel must prepare or cause the Settlement Administrator to prepare a list of the persons who have excluded themselves in a valid and timely manner from the Settlement Class (the Opt-Outs), and Class Counsel must file that list with the court.

Claims Procedure

19. I approve the form and content of the proposed Claim Form, in the form attached as Exhibit A to the Settlement Agreement. I approve the Claims Process set forth in the Settlement Agreement for Settlement Class Members to submit Claims. I direct the Parties and the Settlement Administrator to implement the Claims Process.

Opt-Out and Objection Procedures

20. Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a request for exclusion that is postmarked or emailed no later than 60 days after the Notice Date (the Exclusion/Objection Deadline). To be effective, the request for exclusion must include:

(a) the Settlement Class Member's full name and mailing address;

(b) a clear statement that the Settlement Class Member wishes to be excluded from the Settlement Class for purposes of the Settlement;

(c) the name and number of this case; and

(d) the Settlement Class Member's signature or a signature of an individual authorized to act on his or her behalf. Settlement Class Members cannot request exclusion as a class or group.

Any Settlement Class Member who submits a timely and valid request for exclusion is foreclosed from objecting to the Settlement or to Class Counsel's motion for attorneys' fees, costs, and service awards. If a Settlement Class Member submits both a timely and valid request for exclusion and an objection, that person will be treated as if they had submitted only a request for exclusion. Any Settlement Class Member who does not submit a timely and valid request for exclusion in accordance with this paragraph will be bound by the Final Order and Judgment if

and when it is entered. The Settlement Administrator must provide copies of all timely and valid requests for exclusion to Class Counsel and Seatgeek's Counsel.

21. Any Settlement Class Member who does not submit a timely and valid request for exclusion will have the right to object to the proposed Settlement and to Class Counsel's motion for attorneys' fees, costs, or service awards. To be considered valid, an objection must be in writing, must be filed with or mailed to the court at the address listed in the long-form notice, postmarked or filed no later than the Exclusion/Objection Deadline, and must include the following:

(1) the objector's full name and mailing address;

(2) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

(3) all grounds for the objection, including citations to legal authority and evidence supporting the objection;

(4) the name and contact information of any attorney representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the Objecting Attorneys); and

(5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the court).

Only objections that are submitted in accordance with this paragraph will be considered. Any Settlement Class Member who does not timely submit an objection will waive the right to object or be heard at the final approval hearing and will be barred from making any objection to the

proposed Settlement or to Class Counsel's motion for attorneys' fees, costs, and service awards. Any Settlement Class Member who objects to the Settlement will nevertheless be entitled to all benefits of the Settlement if it is approved and becomes final. The Settlement Administrator must promptly, after receipt, provide copies of any objections and related correspondence to Class Counsel and Defendant's Counsel.

**Final Approval Hearing**

22. I will hold a final approval hearing on January 12, 2027 at 9:30 a.m. PST at the Lloyd D. George Federal Courthouse, 333 Las Vegas Blvd. South, Las Vegas, NV 89101. The purposes of the final approval hearing will be to:

(i) determine whether the proposed Settlement Agreement should be finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class;

(ii) determine whether judgment should be entered dismissing the Action with prejudice and releasing the Released Parties of all claims stated in Section 1.23 of the Settlement Agreement;

(iii) determine whether the Settlement Class should be finally certified;

(iv) rule on Class Counsel's motion for attorneys' fees, costs, and service award;

(v) consider any properly filed objections; and

(vi) consider any other matters in connection with the final approval of the Settlement Agreement.

23. By no later than 75 days after the Notice Date, Carbonell and Class Counsel must file their motion for final approval of the Settlement Agreement. By no later than 25 days after the Notice Date, Carbonell and Class Counsel must file their motion for attorneys' fees, costs, and service award. Promptly after they are filed, these documents must be posted on the

Settlement Website.

24. By no later than 75 days after the Notice Date, the Parties must file any responses to any Settlement Class Member objections and any replies in support of Class Counsel's motion for attorneys' fees, costs, and service award.

25. I may modify the date and time of the final approval hearing and may order the hearing be held remotely or telephonically. If I change the date, time, or the format of the final approval hearing, the Parties must ensure that the updated information is timely posted on the Settlement Website.

26. Only Settlement Class Members who have submitted timely and valid objections may be heard at the final approval hearing.

27. If the Settlement Agreement (including any amendment to it) is not approved by the court or does not become effective for any reason, the Settlement Agreement and any actions taken or to be taken in connection with it (including this order) will be terminated and become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and Other Administration Costs as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement Agreement.

28. Other than steps that are necessary to carry out the terms and conditions of the Settlement Agreement, all proceedings in this Action are hereby stayed and suspended until further order of this court.

29. Pending final determination of whether the Settlement Agreement should be finally approved, Carbonell and all Settlement Class Members are barred and enjoined from filing, commencing, prosecuting, or enforcing any action against the Released Parties insofar as

such action asserts claims stated in section 1.31 of the Settlement Agreement, directly or indirectly, in any judicial, administrative, arbitral, or other forum. This bar and injunction are necessary to protect and effectuate the Settlement Agreement, this order, and this court's authority to effectuate the Settlement.

30. This order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements will not constitute; be described as, construed as, offered or received against Seatgeek or the other Released Parties as; evidence or an admission: (a) of the truth of any fact alleged by Carbonell in this Action; (b) of any liability, negligence, fault, or wrongdoing of Seatgeek or the Released Parties; or (c) that this Action or any other action may be properly certified as a class action for litigation, non-settlement purposes.

31. The court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Release provided for in the Settlement Agreement.

32. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

33. Without further order of the court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this order.

34. The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| **Event** | **Deadline** |
|---|---|
| CAFA Notice Under 28 U.S.C. § 1715(b) | No later than 10 days after filing motion for preliminary approval |
| Establishment of Settlement Website | No later than 10 days after entry of the Preliminary Approval Order |
| Notice Date (Direct Notice via Email) | No later than 28 days after entry of the Preliminary Approval Order |
| Reminder Notice | At least 7 days prior to the Claims Deadline |
| Motion for Attorneys' Fees, Costs, Expenses, and Service Award | No later than 25 days after the Notice Date |
| Objection and Opt-Out Deadline | No later than 60 days after the Notice Date and no sooner than 14 days after papers supporting the Fee Award are filed with the court and posted to the Settlement Website |
| Claims Deadline | No later than 90 days after Notice Date |
| Final Approval Motion and Response to Any Objections | No later than 75 days after the Notice Date |
| Deadline to Submit Notices of Appearance at the Final Approval Hearing | No later than 75 days after the Notice Date |
| Supplement declaration (1) stating the number of claims, requests for exclusion, and objections to date and (2) attesting that Notice was disseminated consistent with the Settlement | No later than 7 days before Final Approval Hearing |
| Final Approval Hearing | January 12, 2027 at 9:30 a.m. PST |
| Award Issuance Date | Within 14 days after entry of the Final Judgment |

DATED this 9th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE